Compiler of Laws

## IN THE SUPERIOR COURT OF GUAM

GOVERNMENT OF GUAM,

     Plaintiff,

  v.

HELENE TORRES and EVELYN O'KEEFE, in their capacities as CO-ADMINISTRATRIXES OF THE ESTATE OF JOSE MARTINEZ TORRES, AND THE ESTATE OF JOSE MARTINEZ TORRES,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Criminal Case No. CV1235-12**

**DECISION AND ORDER: Defendants' Motion to Dismiss Plaintiff's Complaint to Quiet Title and Declaratory Judgment**

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 4, 2013, for a hearing on Defendants' Motion to Dismiss Plaintiff's Complaint to Quiet Title and Declaratory Judgment. Assistant Attorney General William C. Bischoff represented the Plaintiff, Government of Guam (hereinafter, "Government"). Defendant Helene Torres was represented by Attorney F. Randall Cunliffe. Defendant Evelyn O'Keefe and the Estate of Jose Martinez Torres (hereinafter, "Estate") were represented by Attorney Joseph C. Razzano. Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order DENYING Defendants' Motion.

## BACKGROUND

The Government filed its Complaint to Quiet Title and for Declaratory Judgment on October 31, 2012, alleging two causes of action. Under the first cause of action, the Government is seeking judgment quieting title in three parcels of land in Dededo, Guam: Lots

Page 1 of 6
CV 1235-12: Government of Guam v. Torres and O'Keefe
Decision and Order: Defendants' Motion to Dismiss Plaintiff's Complaint to Quiet Title
and Declaratory Judgment

5007-1, 5008, and 5008-1 ("Lots"). Under the second cause of action, the Government is seeking a declaratory judgment that the deeds recorded to the Guam Ancestral Land Commission ("Commission"), as well as the subsequent conveyance of the Lots to the Estate, are *ultra vires*, unlawful and void.

The Government alleges that the Lots are not "Ancestral Lands" as defined in the Ancestral Lands Act, 21 GCA § 80101, and that the Lots were not privately owned by residents of Guam on or after January 1, 1930, nor were the Lots taken from any private owner by the Federal Government on or after January 1, 1930 in land condemnation proceedings. Compl. at 2 (Oct. 31, 2012). The Government further states that, notwithstanding the fact that the Lots were not "Ancestral Lands," the Lots were nevertheless deeded, *ultra vires*, to the Commission pursuant to a deed signed by then-Governor Carl T.C. Gutierrez and then-Acting Attorney General Robert H. Kono. *Id.* at 3. Furthermore, the deeding of the Lots to the Commission was done without Legislative approval as required under 21 GCA §60112. *Id.* In 2004, the Lots were conveyed by the Commission to the Estate.

For the aforementioned reasons, it is the Government's position that no one has a valid Ancestral Land claim to the Lots and that the transfer of the Lots to the Commission, as well as the subsequent transfer of the Lots to the Estate, were done *ultra vires* and that title should be quieted in favor of the Government. The Government further requests that the deeds of the Lots to the Commission, as well as the subsequent deeds to the Estate by the Commission, be declared *ultra vires* and void.

On December 5, 2012, Defendant Torres filed her Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(7) and Rule 19 of the Guam Rules of Civil Procedure for failure to join required persons as parties. Defendant Torres also filed her Memorandum of Law

Page **2** of **6**
CV 1235-12: Government of Guam v. Torres and O'Keefe
Decision and Order: Defendants' Motion to Dismiss Plaintiff's Complaint to Quiet Title
and Declaratory Judgment

in support of that Motion. Defendant O'Keefe, as well as the Estate, joined in the motion. On December 19, 2012, the Government filed its Opposition to Motion to Dismiss. The Court heard oral arguments of April 4, 2013, and took the matter under advisement.

## DISCUSSION

At issue before this Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(7) and Rule 19 of the Guam Rules of Civil Procedure. Defendants argue that, since the Government is seeking a Declaration that the acts of the Governor of Guam and the Commission be declared void, the Office of the Governor, as well as the Commission, should be joined as necessary parties to the litigation. Mot. Dismiss at 3 (May 3, 2012). The Defendants further argue that they are not parties who can defend the actions of the Government in these proceedings and that the Court would not be able to properly litigate the matter. *Id.*

The Government filed its Opposition to Motion to Dismiss, arguing that it would not be necessary to join the Government of Guam as a party because it is already the plaintiff in this matter. Opp'n Mot. at 1 (Dec. 12, 2012). The former Governor and Acting Attorney General who signed the deed in 2002, while witnesses to the transaction, have no personal interest in the case and, therefore, do not meet the qualifications of persons who must be joined in an action pursuant to Rule 19. *Id.* at 2. The Government further argues that the Commission, a non-autonomous line agency of the government, cannot sue or be sued on its own behalf because it is an instrumentality of the government, which is already the Plaintiff in this matter. *Id.* at 3.

Defendants rely primarily on Rule 19(a) of the Guam Rules of Civil Procedure as the basis of their argument and this Court will analyze the facts of this matter with respect to the subparts of Rule 19(a). This rule provides as follows:

**Rule 19: Joinder of Persons Needed for Just Adjudication.**

Page **3** of **6**
CV 1235-12: Government of Guam v. Torres and O'Keefe
Decision and Order: Defendants' Motion to Dismiss Plaintiff's Complaint to Quiet Title
and Declaratory Judgment

(a) Person to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if:

(1) In the person's absence complete relief cannot be accorded among those already parties, or

(2) The person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

(i) As a practical matter impair or impede the person's ability to protect that interest or

(ii) Leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If the person has not been so joined, the court shall order that the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

Guam R. Civ. P. 19(a).

## A. Analysis Under Rule 19(a)(1)

Under 19(a)(1), a person shall be joined if complete relief cannot be accorded among the present parties in that person's absence. In *Benavente v. Taitano*, 2006 Guam 15 ¶ 61, the Court held that complete relief could be accorded between present parties of the suit, even if the absentees were not joined. In support of this determination, the *Benavente* Court stated that if the Petitioners in that case were granted relief, the Respondent would have a duty to conduct a new election, and if the *Benavente* Respondent were granted relief, the case would be dismissed and no further action would be necessary. *Id.*

In the instant case, absence of the Commission and the Office of the Governor as joined parties would not prevent either of the current parties from obtaining complete relief on the merits. If the Government were to prevail, the Defendants would be obligated to relinquish claim to the Lots, and if the Defendants were to prevail, Defendants would retain title and

Page **4** of **6**
CV 1235-12: Government of Guam v. Torres and O'Keefe
Decision and Order: Defendants' Motion to Dismiss Plaintiff's Complaint to Quiet Title and Declaratory Judgment

possession of the Lots and the case would be dismissed. Therefore, complete relief can be accorded among present parties without the joinder of the absentees.

**B. Analysis Under Rule 19(a)(2)(i)**

Under Rule 19(a)(2)(i), an absentee must be joined if their absence would impede their ability to protect whatever interest they may have in the pending action. *Benavente*, 2006 Guam 15 ¶ 62. The Court must first determine what the absentee's interest is in the pending litigation, if any. *Id.* The Court must then determine whether a judgment would impair or impede the absentee's ability to protect that interest. *Id.*

In the instant case, the Office of the Governor would not have an interest in the Lots. The Governor at the time of the conveyance to the Commission, as well as the Acting Attorney General at the time of the conveyance have since left office, and although these individuals may be witnesses to the transactions at issue, this Court is in agreement with the Government that these individuals have no personal interest in this case. As for the Commission, although it may have a remote interest in the Lots given that it could potentially be the party with title after litigation, it is this Court's position that the Commission lacks the statutory authority to sue or be sued on its own behalf. The absence of such authority is made clear in Chapter 80 of Title 21 of the Guam Code Annotated.

Although the Commission itself cannot be joined as a party in the instant case, because it is an agency of the Government of Guam, its interest may be represented by the Attorney General on behalf of the Government of Guam pursuant to 5 GCA § 30109. Since the Government is already the Plaintiff in the instant case, the Commission's interest in the Lots is adequately represented by the Attorney General. Assuming, arguendo, that this Court were to

Page 5 of 6
CV 1235-12: Government of Guam v. Torres and O'Keefe
Decision and Order: Defendants' Motion to Dismiss Plaintiff's Complaint to Quiet Title and Declaratory Judgment

find that the Office of the Governor does, in fact, have a valid interest in this matter, its interest would also be represented by the Attorney General on behalf of the Government of Guam.

### C. Analysis Under Rule 19(a)(2)(ii)

Lastly, Under Rule 19(a)(2)(ii), a Court must determine whether joinder is necessary to avoid harm to current parties in the litigation, such as "substantial risk of incurring double, multiple, or otherwise inconsistent obligations…." *Benavente*, 2006 Guam 15 ¶ 75. It is the opinion of this Court that the risk of the Defendants in this matter incurring double, multiple, or inconsistent obligations would not be reduced as a result of joinder of the Office of the Governor and the Commission. This is due to the fact that, as stated previously, the Office of the Governor and the Commission, if found to have any interest in the Lots, already have their interests represented by the Plaintiff Government. In the unlikely event that other parties who may have an interest in the matter decide to file a claim against the Defendants after the instant case is adjudicated, their claim would be precluded under the doctrine of res judicata. For the aforementioned reasons, it is the opinion of this Court that joinder of other parties will not be necessary to avoid harm to the current parties in the litigation.

### CONCLUSION

Based on the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss.

Further Proceedings is scheduled for AUGUST 20, 2013 at 9 a.m.

**SO ORDERED** this _26_ day of JUNE, 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam

JUN 2 6 2013

Alvimar D. Castanano
Deputy Clerk, Superior Court of Guam

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

Page 6 of 6
CV 1235-12: Government of Guam v. Torres and O'Keefe
Decision and Order: Defendants' Motion to Dismiss Plaintiff's Complaint to Quiet Title and Declaratory Judgment